```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

RENEL MANIUS,

                Petitioner,

vs.                              Case No.  2:14-cv-16-FtM-29DNF

SECRETARY, DEPARTMENT OF CORRECTIONS
and FLORIDA ATTORNEY GENERAL,

                Respondents.
_____

## **ORDER OF DISMISSAL**

This matter comes before the Court upon review of Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. #7), and application for leave to proceed *in forma pauperis* (Doc. #8).[1]

By way of background, Petitioner initiated this action by filing a "Motion for Post-Conviction Relief and Vacate a Charge Pursuant to Florida Rule of Crim. P. 3.850" (Doc. #1) styled for the Twentieth Judicial Circuit in Collier County, Florida, but

---

[1] Petitioner filed his action on the form used in § 2241 actions. See Amended Petition. It appears this action is properly filed pursuant to § 2254, however, considering Petitioner challenges his judgment of conviction entered by the State court. See Medberry v. Crosby, 351 F. 3d 1049, 1059 (11th Cir. 2003). Indeed, it is unclear whether Petitioner remains in custody as a result of the judgment of the State court, or in custody on some other judgment. The Court recognizes that an immigration detainer, standing alone, does not cause the petitioner to come into custody of immigration officials. See Gonzalez-Corrales v. I.C.E.,522 F. App'x 619, 2013 WL 3154942 (11th Cir. June 21, 2013). It is clear that as a collateral consequence of the judgment of conviction entered in the Twentieth Judicial Circuit Court, Petitioner is subject to deportation proceedings. Nevertheless, whether Petitioner initiated this action pursuant to either § 2241, or § 2254, the action is subject to dismissal.

filed in this Court on January 13, 2014. See Doc. #1. On January 31, 2014, this Court entered an Order directing Petitioner to either file his habeas corpus action on the approved form for filing habeas corpus petitions pursuant to § 2254, or advise the Court whether he really meant to file a motion for post-conviction relief in the State court on or before February 13, 2014. See Doc. #6. That same day Petitioner filed the Amended Petition sub judice. Petitioner did not file another Petition before the February 13, 2014 deadline. See docket.

The Amended Petition raises the following four grounds challenging Petitioner's plea-based conviction and sentence entered on June 3, 2010 in the Twentieth Judicial Circuit Court in Collier County, Florida (case number 2010-CF-000213): (1) Petitioner did not enter a knowing and voluntary plea due to ineffective assistance of defense counsel; (2) Petitioner did not know he could be subject to deportation when he entered the plea; (3) Petitioner's sentence was illegal and unconstitutional because he was sentenced to state probation and/or community control for a term of two years and thought the sentence would be erased upon completion since he was a first time offender; and (4) Florida Statute § 893.13 is facially unconstitutional because it eliminates the *mens rea* element of a drug offense. See generally Amended Petition. Petitioner rasies these claims challenging his plea-based conviction because the plea-based conviction is grounds for

-2-

his current pending deportation.  Id. at 8.  As relief Petitioner seeks:

> Based on the merits enumerated, and the new handicap imposed by the collateral attack, Defendant respectfully request this Honorable Court to Order the Writ of Vacate pursuant to Florida Rules of Criminal Procedure Petition for a Writ of Habeas Corpus under the 28 U.S.C. § 2241. And to then fully discharge the Defendant of the charge in this case to enable the Defendant to properly address the immigration charge.

Id. (errors in original).

The Court has conducted a preliminary review of the Amended Petition as required by Rule 4, Rules Governing Section 2254 Cases (2009), and concludes that the Amended Petition is subject to dismissal without service upon Respondents.

### A.   Improper Respondent Named

Initially the Court notes that Petitioner named the "State of Florida" as a Respondent.  Amended Petition at 1.  Petitioner, however, challenges a judgment of conviction entered by the Twentieth Judicial Circuit and currently appears to be held by immigration officials pending deportation.  See docket.  The proper Respondent to a § 2241 Petition is "the person having custody of the person detained."  28 U.S.C. § 2243; see also Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004).  Accordingly, in Petitioner's case, that person is the warden where he is currently incarcerated.

### B.   Exhaustion of Claim before State court

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall

not be granted unless it appears that-(A) the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Section 2254's exhaustion requirement is also applicable to petitions filed pursuant to § 2241(c)(3). Dill v. Holt, 371 F.3d 1301, 1302 (11th Cir. 2004). In addressing the exhaustion requirement in O'Sullivan v. Boerckel, the Supreme Court held that:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

526 U.S. 838, 845 (1999). In discussing the exhaustion requirement for purposes of federal habeas corpus relief, the Supreme Court further recognized that:

> [The exhaustion doctrine] is grounded in principles of comity and reflects a desire to "protect the state courts' role in the enforcement of federal law," Rose v. Lundy, 455 U.S. at 518, 102 S. Ct. at 1203. In addition, the requirement is based upon a pragmatic recognition that "federal claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review." 455 U.S. at 519, 102 S. Ct. at 1203-04. Codified since 1948 in 28 U.S.C. § 2254, the exhaustion rule, while not a jurisdictional requirement, Granberry v. Greer, 481 U.S. 129, 107 S. Ct. 1671, 95 L. Ed. 119 (1987), creates a "strong presumption in favor of requiring prisoners to pursue his available state remedies." Id. at 131, 107 S. Ct. at 1674, see also Rose v. Lundy, supra, 455 U.S. at 515, 102

>S. Ct. at 1201-02 ("[S]tate remedies must be exhausted except in unusual circumstances.")

Castille v. Peoples, 489 U.S. 346, 349-50 (1989)(footnote omitted). To circumvent the exhaustion requirement, Petitioner must establish that there is an "absence of available state corrective process" or that "circumstances exist that render such process ineffective to protect [his] rights." 28 U.S.C. § 2254(b)(1)(B).

Petitioner makes no such showing here. To the contrary, Petitioner acknowledges that he has never raised his claims challenging the State court judgment of conviction in the State court.[2] See generally Amended Petition at 6-7. Consequently, Petitioner must first try to raise the claims he raises in the instant Amended Petition in the appropriate State circuit court, and avail himself of at least one round of the appellate review process, if necessary. Because exhaustion is a statutory requirement, the deficiency cannot be cured by permitting Petitioner another opportunity to amend his Petition. Thus, the Court will dismiss the Petition, without prejudice, to permit Petitioner an opportunity to exhaust his State court remedies.

ACCORDINGLY it is hereby

**ORDERED:**

---

[2]Petitioner mistakenly writes the instant case number on his Amended Petition under the section that asks whether he filed a first appeal. See Amended Petition at 2.

-5-

    1.    The Amended Petition for Writ of Habeas Corpus pursuant to (Doc. #7) is **DISMISSED**, without prejudice, for the reasons herein.

    2.    The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this file.

    **DONE AND ORDERED** in Fort Myers, Florida, on this __20th__ day of February, 2014.

                                                               JOHN E. STEELE
                                                              UNITED STATES DISTRICT JUDGE

SA: alj
Copies: All Parties of Record